ALLACCESS LAW GROUP
Irene Karbelashvili, State Bar Number 232223
irene@allaccesslawgroup.com
Irakli Karbelashvili, State Bar Number 302971
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for DAVID B. KETROSER, Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. KETROSER, | Case No. 19-cv-5195 |
| Plaintiff, | ***Civil Rights*** |
| vs. | **COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 51, 52, 54, 54.1, AND 54.3 ET SEQ.); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990** |
| WALGREEN CO., an Illinois corporation, dba WALGREENS #02485; ROIC California, LLC, a Delaware limited liability company; and DOES 1-20, inclusive, | |
| Defendants. | |

Page 1 of 13

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, and 54.3 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Plaintiff DAVID B. KETROSER complaints of Defendants WALGREEN CO., an Illinois corporation, dba WALGREENS #02485; ROIC California, LLC, a Delaware limited liability company; and DOES 1-20, inclusive, (collectively, "Defendants"), and each of them, and alleges as follows:

1. **INTRODUCTION:** Plaintiff DAVID B. KETROSER is a "person with a disability" or "physically handicapped person" and requires the use of a wheelchair for mobility. This case involves the denial of access to public facilities to Plaintiff DAVID B. KETROSER at a pharmacy store chain known as Walgreens at a shopping center known as Gateway Centre, located at or about 21001 San Ramon Valley Blvd, San Ramon, CA 94583.

2. Plaintiff DAVID B. KETROSER was denied his rights to full and equal access at these facilities and was denied his civil rights under both California law and federal law, because these facilities were not, and are not now, properly accessible to physically disabled persons, including those who use wheelchairs for mobility. Plaintiff seeks injunctive relief to require Defendants to make these facilities accessible to disabled persons and to adopt proper policies to ensure that any disabled person who attempts to use the facilities will be provided full and equal access. Plaintiff also seeks recovery of damages for his discriminatory experience, denial of access and denial of his civil rights, which denial is continuing as a result of Defendants' failure to provide disabled accessible facilities, and maintenance of discriminatory policies.

3. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law including, but not limited to, violations Title 24 California Code of Regulations; and California Civil Code §§ 51, 52, 54, 54.1.

4. **VENUE:** Venue is proper in this court pursuant to 28 USC 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff DAVID B. KETROSER's causes of action arose in this district.

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, and 54.3 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

5. **INTRADISTRICT ASSIGNMENT:** This case should be assigned to the San Francisco/Oakland intradistrict as the real property which is the subject of this action is located in this intradistrict and the causes of action arose in this intradistrict.

6. **PARTIES:** Defendants WALGREEN CO., an Illinois corporation, dba WALGREENS #02485; ROIC California, LLC, a Delaware limited liability company; and DOES 1-20, inclusive, are, and at all relevant times were, the owners, operators, lessors, and lessees of the business, property, buildings and/or portions thereof located at 21001 San Ramon Valley Blvd, San Ramon, CA 94583 (hereinafter, "Store"). This facility is a public accommodation as defined under Title III of the ADA, 42 U.S.C. § 12181(7)(E)&(F), and a business establishment under California civil rights laws. Cal. Civ. Code § 51 *et seq.* It is open to the public, intended for nonresidential use and its operation affects commerce. On information and belief, these facilities have since July 1, 1982, undergone construction and/or alterations subjecting them to the requirements of California's Title 24, the State Building Code. Further, irrespective of the alteration history, such premises are subject to the "readily achievable" barrier removal requirements of Title III of the Americans with Disabilities Act of 1990.

7. Plaintiff DAVID B. KETROSER (hereinafter, "Plaintiff") is a qualified physically disabled person as defined by federal and California law. Plaintiff has been afflicted with Multiple Sclerosis since 1973. Plaintiff is unable to independently stand or walk and requires the use of a wheelchair at all times for mobility. Plaintiff is unable, due to his physical disability, to independently use public facilities that are not designed and/or constructed in compliance with applicable accessibility standards to accommodate disabled persons who require a wheelchair for mobility. Plaintiff possesses a disabled parking placard issued by the State of Minnesota. Plaintiff is a resident of Minneapolis, Minnesota and visits family in East Bay, California frequently. Namely, Plaintiff visits his son and grandson about every 6 weeks. When visiting his family, Plaintiff usually stays at the Hyatt in San Ramon which is in close proximity to the Store and Plaintiff intends to stay there in the future when visiting

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, and 54.3 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

his family.

8. Plaintiff was denied his rights to full and equal access to the aforementioned public accommodation and was denied his civil rights under both California law and federal law, because these facilities were not, and are not now, properly accessible to persons with physical disabilities.

9. The true names and capacities of defendants Does 1 through 20, inclusive, are unknown to Plaintiff who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes that each of the defendants herein designated as a Doe is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to Plaintiff; Plaintiff prays leave of Court to amend this Complaint to show such true names and capacities when the same have been ascertained.

10. Plaintiff is informed and believes that each of the defendants herein is the agent, employee or representative of each of the other defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other defendants in proximately causing the damages complained of herein.

11. **FACTUAL STATEMENT:** When visiting the Store on December 13, 2018 Plaintiff had difficulties accessing the public restroom because the entrance door was too heavy. Specifically, Plaintiff controls his electric wheelchair with his right arm and therefore needs to use his left arm, which is his weak arm, to open the door. Plaintiff struggled as he opened the door with his left arm because the door was simply too heavy. Also, there was no handle on the inside surface of the stall door making it difficult for Plaintiff to shut the door. Furthermore, the toilet paper dispenser outlet was above the horizontal grab bar and out of reach. Lastly, Plaintiff noticed that the lavatory pipes were not insulated.

12. On or about January 22, 2019 Plaintiff notified Defendant WALGREEN CO. by letter of the accessibility difficulties he experienced at the Store during his December 13, 2018 visit.

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, and 54.3 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

13. On February 24, 2019 Plaintiff returned to the Store to purchase some toothpaste and also attempted to use the public restroom. The restroom remained inaccessible and Plaintiff encountered the same barriers that he did on December 13, 2018. Plaintiff has since been deterred from returning to the Store because Defendants continue to operate the Store in a noncompliant state. Plaintiff could and would return to the Store if or when it is made accessible to him.

14. As a result, Plaintiff experienced difficulties, discomfort, and/or embarrassment during his visits because the Store was not, and currently is not, accessible to disabled persons, including wheelchair users.

15. Before filing this lawsuit, Plaintiff's legal representative also had a CASp-certified access consultant do an informal investigation of the Store's premises. While he could not make detailed measurements, he determined that the Store was also inaccessible because of, but not limited to, the following:

- No access to photo booth due to less than 30" wide clear space
- Cashier counter over 34" high
- Pharmacy counter over 34" high
- Vestibule bathroom door heavy
- Vestibule bathroom door fast closing
- Bathroom door fast closing
- No 60" clear space in front on wc (58)
- Side grab bar over 12" from back wall (14")
- Rear grab bar not centered with wc
- Seat cover dispenser out of reach
- Seat cover dispenser does not have 30x48 space in front of it
- See through window at bathroom vestibule door is high
- Urinal over 17" rim height

These barriers to access are listed without prejudice to Plaintiff citing additional barriers to

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, and 54.3 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

access after inspection by Plaintiff's access expert, per the 9th Circuit's standing standards under *Doran v. 7-Eleven, Inc.* 524 F.3d 1034 (9th Cir. 2008), *Chapman v. Pier One Imports (USA), Inc.,* 631 F.3d 939 (9th Cir. 2011), and the General Order 56 requirements for Northern District of California "ADA" Title III cases. All of these barriers to access render the premises inaccessible to and unusable by physically disabled persons. All facilities must be brought into compliance with all applicable federal and state code requirements, according to proof. All of these barriers to access render the premises inaccessible to and unusable by physically disabled persons, and will foreseeably cause Plaintiff further difficulty, discomfort and embarrassment.

**FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 42 USC § 12101 *et seq.***

**(Against all Defendants and each of them)**

16. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 15 of this Complaint and incorporates them herein as if separately repled.

17. In 1990 the United States Congress made findings that laws were needed to more fully protect "some 43,000,000 Americans [with] one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..." [42 USC §12101]

18. In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"),

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, and 54.3 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Congress stated as its purpose:

> It is the purpose of this Act
>
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
> (2) to provide clear, strong, consistent enforceable standards addressing discrimination against individuals with disabilities;
> (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and
> (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of *discrimination faced day-to-day* by people with disabilities. (*Emphasis added*)

42 USC § 12101(b).

19. As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*). The subject premises and facilities includes shopping centers and pharmacies; § 301(7)(E)&(F).

20. The ADA specifies that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 USC § 12182. The specific prohibitions against discrimination include, but are not limited to the following:

*§ 302(b)(1)(A)(ii):* "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

*§ 302(b)(2)(A)(ii):* "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

*§ 302(b)(2)(A)(iii):* "a failure to take such steps as may be necessary to ensure that no

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, and 54.3 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 302(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 302(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

21. The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 CFR Part 36 *et seq.*

22. The removal of each of the barriers complained of by Plaintiff as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of the ADA § 302. In that regard, Defendants could have but did not avail themselves of the tax deduction and tax credits provided by Internal Revenue Services codes 44 and 190, which apply to the costs of barrier removal. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law. Further, alterations, structural repairs or additions since January 26, 1993 have also independently triggered requirements for removal of barriers to access for disabled persons per § 303 of the ADA.

23. On information and belief, the premises have denied and continue to deny full and equal access to Plaintiff and to other disabled persons, including wheelchair users, in other respects, which violate Plaintiff's rights to full and equal access and which discriminate against Plaintiff on the basis of his disability, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §§ 302 and 303 of the ADA. 42 USC §§ 12182 and 12183.

24. On information and belief, Defendants have continued to violate the law and deny the rights of Plaintiff and other disabled persons access to this public accommodation since on or before Plaintiff's encounters, as previously noted. Pursuant to the ADA, § 308, 42 USC 12188 *et seq.,* Plaintiff is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination. Pursuant to § 308(a)(2), "In cases of violations of § 302(b)(2)(A)(iv) and § 303(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

25. Plaintiff seeks relief pursuant to remedies set forth in § 204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of § 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may attempt to use the property and premises.

WHEREFORE, Plaintiff prays for injunctive relief and attorney fees, litigation expenses and costs as hereinafter stated.

**SECOND CAUSE OF ACTION: DAMAGES FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC FACILITY IN VIOLATIONS OF THE CALIFORNIA DISABLED PERSONS ACT, CIVIL CODE SECTION 54**

**(Against all Defendants and each of them)**

26. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 25, above, and incorporate them herein by reference as if separately repleds hereafter.

27. The Store is a place to which the general public is invited and, as such, Defendants are obligated to comply with the provisions of the Disabled Persons Act, Cal. Civ. Code § 54 et seq.

28. The Disabled Persons Act guarantees, *inter alia*, that persons with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. Cal. Civ. Code § 54.

29. The Disabled Persons Act also guarantees, *inter alia*, that persons with disabilities are entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, and privileges of covered entities. Cal. Civ. Code § 54.1(a)(1).

30. Defendants have violated the Disabled Persons Act by, *inter alia*, denying and/or interfering with Plaintiff's right to full and equal access as other members of the general public to the accommodations, advantages, and its related facilities due to his disability.

31. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the First Cause of Action *supra*, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code § 54(c), thus independently justifying an award of damages pursuant to California law.

32. Further, each and every violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action, *supra,* the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a separate and distinct violation of California Civil Code § 54.1 (d), thus independently justifying an award of damages pursuant to California law.

33. At all times herein mentioned, Defendants knew, or in the exercise of reasonable diligence should have known, that their barriers and practices at their subject facilities violated disabled access requirements and standards, and had a discriminatory affect upon

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, and 54.3 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Plaintiff and upon other physically disabled persons, but Defendants have failed and refused to rectify the violations, and presently continue a course of conduct in maintaining architectural barriers that discriminate against Plaintiff and similarly situated disabled persons.

WHEREFORE, Plaintiff prays for damages as hereinafter stated.

**THIRD CAUSE OF ACTION: INJUNCTIVE RELIEF AND DAMAGES FOR VIOLATION OF THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52**

**(Against all Defendants and each of them)**

34. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 33 of this Complaint and incorporates them herein.

35. At all times relevant to this complaint, California Civil Code § 51 has provided that physically disabled persons are free and equal citizens of the state, regardless of medical condition or disability:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever. Cal. Civ. C. § 51(b).

36. California Civil Code § 52 provides that the discrimination by Defendants against Plaintiff on the basis of his disability constitutes a violation of the general anti-discrimination provision of §§ 51 and 52.

37. Defendants' discrimination constitutes a separate and distinct violation of California Civil Code § 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may

be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

38. Any violation of the Americans With Disabilities Act of 1990 (as pled in the First Cause of Action) also constitutes a violation of California Civil Code § 51 (f), thus independently justifying an award of damages and injunctive relief pursuant to California law. Per § 51 (f), "A violation of the right of any individual under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

39. The actions and omissions of Defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of California Civil Code §§ 51 and 52. As a proximate result of Defendants' action and omissions, Defendants have discriminated against Plaintiff in violation of Civil Code §§ 51 and 52 on each of his subject visits.

WHEREFORE, Plaintiff prays for injunctive relief and damages as hereinafter stated.

### *PRAYER*

Plaintiff prays that this Court:

1. Issue a preliminary and permanent injunction directing Defendants as current owners, operators, lessors, and/or lessees of the subject property and premises to modify the above described property and premises and related facilities to provides full and equal access to all persons, including persons with physical disabilities; and issue a preliminary and permanent injunction pursuant to ADA § 308(a) and state law directing Defendants to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal access, as required by law; and to *maintain* all such facilities in an accessible condition as to all accessible features (Note: Plaintiff does not seek an injunction under Cal Civ. Code §55 and seeks no relief under that section at all);

2. Retain jurisdiction over Defendants until such time as the Court is satisfied that

Page 12 of 13

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, and 54.3 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and cannot recur;

3. Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages and treble damages in an amount within the jurisdiction of the Court, all according to proof;

4. Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5. Award prejudgment interest pursuant to Civil Code § 3291; and

6. Grant such other and further relief as this Court may deem just and proper.

Dated:  August 20, 2019        /s/
                               Irakli Karbelashvili, Attorney for Plaintiff
                               DAVID B. KETROSER

### DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated:  August 20, 2019        /s/
                               Irakli Karbelashvili, Attorney for Plaintiff
                               DAVID B. KETROSER

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, and 54.3 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990